JACOB M. BIERMAN, Appellant, *v.* FRANK BARBIERI, Respondent.

Supreme Court, Appellate Term, First Department, December 15, 1924.

Brokers — action for commissions — agreement between vendor and purchaser that commissions would not be payable until contract executed not binding on broker — broker may prove contract by parol evidence — binding contract was made by vendor and purchaser — error to dismiss complaint on ground that buyer ready, willing and able was not procured.

A real estate broker is not bound by a contract executed by the vendor and purchaser to the effect that commissions on the sale would not be payable until a formal contract was executed for the sale of the property, where the broker is not a party to the contract; and it is error, in an action by the broker for commissions, to exclude parol evidence offered to establish the contract between the broker and his client.

A binding agreement having been executed between the vendor and the purchaser it was error for the court to dismiss the complaint on the ground that a purchaser ready, willing and able to purchase the property had not been procured, since the broker was entitled to his commissions as soon as the binding contract was made between the vendor and the purchaser.

APPEAL by plaintiff from judgments of the Municipal Court of the City of New York, Borough of Manhattan, Second District, dismissing the complaint and rendering judgment for the defendant at the close of plaintiff's case.

*Alexander A. Mayper,* for the appellant.

*Louis E. Felix [Arthur C. Mandel* of counsel], for the respondent.

PER CURIAM:

We are of the opinion that the court erroneously excluded evidence offered by plaintiff to establish his contract with defendant as to the payment of commissions. There is a provision in the agreement (an exhibit in evidence) executed by vendor and vendee that commissions were not payable until a formal contract was executed. Plaintiff obviously not being a party to the agreement is not bound by such a provision unless he assented thereto. The court below mistakenly took the view that the condition contained in the agreement was binding on plaintiff for it excluded parol evidence offered by plaintiff to establish the agreement as to the payment of commissions upon the ground that such evidence tended to vary a written instrument. Whether plaintiff's testimony will establish an express agreement for the payment of commissions we cannot say for the evidence on that point was excluded. Of course, if no express agreement was made as to commissions but plaintiff procured a purchaser ready, able and willing to carry out the terms of sale, he would still be entitled to recover the reasonable value of his services. The court at the end of plaintiff's case dismissed the complaint apparently upon two inconsistent grounds, the first ground being that the commission sued for had not been earned for the reason that the written contract provided that no commission was due until the formal contract was executed, and the second ground being that a purchaser ready, able and willing to make the purchase upon the terms imposed had not been procured by plaintiff.

The first ground stated by the court for dismissal is upon the assumption that the writing in question is a binding contract. The second ground stated as a reason for dismissal is upon the assumption that the writing in question is not an agreement, for if the writing be an agreement the seller has accepted the purchaser and his financial ability is no longer an issue.

We regard the document signed by defendant and plaintiff's customer as an enforcible contract for the sale of defendant's place of business. It contains all the essential terms of an agreement. The provision contained therein that a formal contract was later to be drawn is of no moment. The provision that the formal contract is to be approved by defendant's attorney reasonably interpreted has reference only to the form and legal terminology of its terms and is not a prerequisite for a binding agreement.

Since our view is that the writing in question is a binding con-

tract, the financial ability of plaintiff's customer is no longer an issue in the case for by the execution of the contract the seller has accepted the purchaser. For the reasons stated above the complaint was improperly dismissed.

Judgments reversed and a new trial ordered, with thirty dollars costs as of one appeal to the appellant to abide the event.

All concur; present, BIJUR, WAGNER and LEVY, JJ.